UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY FRIEDMAN, on behalf of himself, all other persons similarly situated and the general public,<br><br>                Plaintiff,<br><br>v.<br><br>GODIVA CHOCOLATIER, INC., UKLER GROUP, and DOES 1 through 100, inclusive,<br><br>                Defendants. | Case No. 09cv977-L (BLM)<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE CLASS CERTIFICATION MOTION AND OTHER DEADLINES**<br><br>[Doc. No. 28] |

On June 18, 2010, the parties filed their fourth joint motion to continue the class certification motion deadline and other deadlines. Doc. No. 28. The parties state that despite the "cooperation and the diligence of counsel," Plaintiff has still "not had the opportunity to depose the 30(b)(6) of [Defendant] in respect to class certification issues." Id. at 1-2. However, "[a]s a result of extensive meet and confer efforts," all parties have agreed that the 30(b)(6) deposition will be conducted in New York on July 15, 2010. Id. at 3-4. Based on the efforts of counsel as detailed in the joint motion and their averment that July 15, 2010 is the earliest the 30(b)(6) deposition can

occur, the Court reluctantly continues the deadline to file the class certification motion and other deadlines one last time.  Good cause appearing, the current joint motion is **GRANTED** as follows:

   1.   Plaintiff's motion for class certification must be filed on or before **August 6, 2010**.

   2.   Each party shall serve on all opposing parties a list of experts, whom that party expects to call at trial, on or before **August 23, 2010** Each party may supplement its designation in response to the other party's designation no later than **September 7, 2010**.  Expert designations shall include the name, address, and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

   The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is <u>not</u> limited to retained experts.

   **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

   3.   All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **September 21, 2010**.  Any contradictory or rebuttal information shall be disclosed on or before **October 5, 2010.**  In addition, Fed. R. Civ. P. 26(e)(2) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).

   The parties are advised to consult with Fed. R. Civ. P. 26(a)(2)

regarding expert disclosures.  Such disclosures shall include an expert report, all supporting materials, a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information considered by the expert in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness including a list of all publications authored by the witness within the preceding ten years, the compensation to be paid for the study and testimony, and a list of other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

This disclosure requirement applies to all persons retained or specially employed to provide expert testimony <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4.   All discovery shall be completed by all parties on or before **<u>November 4, 2010</u>**.  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, <u>so that it may be completed by the cut-off date</u>, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rules 16.5(k) and 26.1(a).  **All discovery motions shall be filed within thirty (30) days after counsel have met and conferred and reached an impasse**

**with regard to any particular discovery issue, but in no event shall discovery motions be filed more than sixty (60) days after the date upon which the event giving rise to the discovery dispute occurred.** For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is either the service of the response, or, if no response was served, the initial date the response was due. **In addition, all discovery motions must be filed within thirty (30) days after the close of discovery.**

    5.    All other pretrial motions must be filed on or before **December 3, 2010**. <u>Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion</u>. Failure to timely request a motion date may result in the motion not being heard.

    Questions regarding this case should be directed to the judge's law clerk. Prior to contacting chambers, the parties shall consult Judge Lorenz's Standing Order in Civil Cases, which is accessible via the "Chambers' Rules" section of the Southern District of California's website. The Court draws the parties' attention to Local Rule 7.1(e)(4) which requires that the parties allot <u>additional time for service of motion papers by mail</u>. Papers not complying with this rule shall not be accepted for filing.

    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

    6.    Pursuant to Local Rule 7.1(f)(3)(c), **if an opposing party fails to file opposition papers in the time and manner required by Local**

**Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the Court**. Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1(f)(3)(c).

7. Should either party choose to file or oppose a motion for summary judgment or partial summary judgment, no Separate Statement of Disputed or Undisputed Facts is required.

8. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **January 31, 2011**. The parties should consult Fed. R. Civ. P. 26(a)(3) for the substance of the required disclosures.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of designated matters in evidence**.

9. Despite the requirements of Local Rule 16.1(f), neither party is required to file Memoranda of Contentions of Fact and Law at any time. The parties shall instead focus their efforts on complying with their pretrial disclosure requirements under Fed. R. Civ. P. 26(a)(3) and drafting and submitting a proposed pretrial order by the time and date specified in Local Rule 16.1(f)(6).

10. Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on or before **February 7, 2011**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment, and lists of witnesses and their addresses including

experts who will be called to testify.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(2)(c).  Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

11. The proposed final pretrial conference order, including written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be prepared, served, and submitted to the Clerk's Office on or before **February 21, 2011** and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6).  Any objections shall comply with the requirements of Fed. R. Civ. P. 26(a)(3). **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

12. The final pretrial conference is scheduled on the calendar of the Honorable M. James Lorenz on **February 28, 2011** at **11:00 a.m.**  The trial date will be assigned by the district judge at the pretrial conference.

13. The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

DATED:  June 22, 2010

BARBARA L. MAJOR
United States Magistrate Judge