UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY FRIEDMAN, on behalf of himself, all other persons similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>GODIVA CHOCOLATIER, INC., UKLER GROUP, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 09cv977-L (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GODIVA'S MOTION TO COMPEL**<br><br>[ECF No. 44] |

On September 29, 2010, pursuant to the Court's order issuing a briefing schedule (ECF No. 43), Defendant Godiva Chocolatier, Inc. filed its Motion to Compel Discovery Responses from Plaintiff Barry Friedman (ECF No. 44). Plaintiff filed his opposition on October 6, 2010 (ECF No. 45) and Defendant filed its reply on October 8, 2010 (ECF No. 47).

Having considered all of the briefing and supporting documents presented, and for the reasons set forth below, Defendant's motion is **GRANTED IN PART AND DENIED IN PART** as follows.

## DISCUSSION

**A. Requests for Admissions and Production of Documents**

Rule 36 authorizes a party to "serve on any other party a written request to admit, for

purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: [] facts, the application of law to fact, or opinions about either . . . ." Fed. R. Civ. P. 36(a)(1)(A). Accordingly, the Ninth Circuit has determined that a request for admission may request an application of law to fact. See Marchand v. Mercy Med. Ctr., 22 F.3d 933, 937 n.4 (9th Cir. 1994) (citing Fed. R. Civ. P. 36 advisory committee's note on 1970 amend.); see also Playboy Enters., Inc. v. Welles, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) (holding that requests for admissions may properly relate to "the application of law to fact," but "[r]equests for admissions cannot be used to compel an admission of a conclusion of law."). Rule 36 also states that "[e]ach matter must be separately stated." Fed. R. Civ. P. 36(a)(2).

### 1. Request for Admission Nos. 14, 15, 17, 18, 20, & 21

Plaintiff objects to the abovementioned requests on the grounds that Defendant's requests are so "unduly vague" and "unduly complicated" that "an intelligent response is impossible." ECF No. 45 ("Pl.'s Opp'n") at 14-22. Defendant asserts that the requests are merely "asking [Plaintiff] to state his factual contentions and how those factual contentions apply to this causes of action." ECF No. 44-1 ("Def.'s Mem. P. & A.") at 5. Defendant further insists that the requests are "simple, straight-forward and easy to understand." Id.

The Court finds that Defendant's requests are not unduly vague or complicated. Each request asks Plaintiff to admit that a specific fact at issue in this case is a necessary component of a specific claim asserted by Plaintiff in this action. As such, the requests properly seek to have Plaintiff apply law to facts. Fed. R. Civ. P. 36(a)(1)(A); Marchand, 22 F.3d at 937 n.4. Accordingly, Defendant's motion to compel is **GRANTED** as to Request for Admission Nos. 14, 15, 17, 18, 20, and 21.

### 2. Request for Admission Nos. 16, 19, & 22

Plaintiff objects to the abovementioned requests on the grounds that Defendant's requests are "vague and ambiguous" and constitute "incomplete hypothetical[s]." Pl.'s Opp'n at 16, 19-20, 23. Defendant asserts that the requests are "appropriate" and "a classic example" of requests for admission that are premised upon "the application of law to fact." Def.'s Mem. P. & A. at 5.

In contrast to the Requests for Admission discussed in Section 1 above, these requests are

not tied to the facts at issue in this case. In these requests, Defendant asks Plaintiff to make admissions regarding a hypothetical retailer and a hypothetical customer. Def.'s Mem. P. & A. at 4-5. As such, these requests are incomplete hypotheticals and not appropriate requests in this case. See, e.g., Evans v. Tilton, No. 07cv01814, 2010 WL 1610988, at *4 (E.D. Cal. Apr. 21, 2010) (declining to compel further responses to requests for admission that constituted incomplete hypotheticals). Accordingly, Defendant's motion to compel is **DENIED** as to Request for Admissions Nos. 16, 19, and 22.

      3. Request for Admission No. 23 and Request for Production of Documents No. 23

In Request for Admission No. 23, Defendant asks Plaintiff to admit that he is "not seeking to recover in any way for any identify theft of which [he] may have been a victim." Def.'s Mem. P. & A. at 6. Defendant explains that he is seeking this admission because Plaintiff, during his deposition, testified that he suffered identity theft damages as a result of Defendant's conduct in this case. Id. Plaintiff responds that the request is "vague, ambiguous and unintelligible" because the term "identity theft" is not adequately defined. Pl.'s Opp'n at 23-24. However, Plaintiff then addresses the request. Id. at 24. The request is not unduly vague, ambiguous, or unintelligible and properly seeks to obtain an admission regarding facts and claims at issue in this action. Accordingly, Defendant's motion to compel is **GRANTED** as to Request for Admission No. 23 and the related Request for Production of Documents No. 23.

**B. Attorneys' Fees**

Defendant and Plaintiff each seek attorneys' fees for their respective efforts in the discovery process. Def.'s Mem. P. & A. at 9-10; Pl.'s Opp'n at 27-28. Rule 37 states that when a motion to compel is "granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Accordingly, Defendant's request for attorneys' fees incurred in preparing the motion to compel and reply is **GRANTED**.[1] Plaintiff's request for attorneys' fees is **DENIED**.

///

---

[1] Defendant specifically states that it is not seeking to recover the attorneys' fees it incurred during the meet and confer process. Def.'s Mem. P. & A. at 9-10.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to compel discovery responses from Plaintiff is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is ordered to supplement his discovery responses to Request for Admission Nos. 14, 15, 17, 18, 20, 21, and 23 by **October 18, 2010**. Plaintiff also must produce to Defendant by **October 18, 2010** copies of any and all documents responsive to Request for Production of Documents No. 23.

On or before **October 27, 2010**, Defendant must file a declaration describing the work involved in preparing the motion to compel and reply and detailing the attorneys' fees charged to Defendant for that work. If Plaintiff objects to the amount or type of attorneys' fees requested by Defendant, Plaintiff must file his opposition by **November 3, 2010**. Defendant's reply, if any, must be filed by **November 10, 2010**.

**IT IS SO ORDERED.**

DATED: October 13, 2010

BARBARA L. MAJOR
United States Magistrate Judge